CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-6475
     FAX: (415) 436-7234
     wendy.garbers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-CR-00010-HSG-2 |
| Plaintiff, | **UNITED STATES' SENTENCING MEMO** |
| v. | Hearing Date:  April 22, 2026 |
| TRACY COLLINS, | Hearing Time:  2:00 |
| Defendant. | |

## I.    BACKGROUND

Defendant Tracy Collins conspired with her co-defendant, Brent Soura, to forge prescriptions for narcotics using the Drug Enforcement Agency prescriber numbers of a number of licensed medical professionals.  They also forged the providers' signatures on the counterfeit prescriptions.  It appears that Soura and Collins did this in order to feed their long-standing and serious drug addiction.  Collins personally obtained at least 4,410 pills, namely oxycodone, alprazolam, morphine sulfate, and hydrocodone through these acts of identity theft.

On January 12, 2023, the government filed a four-count Indictment, charging Soura and Collins with Conspiracy to Commit Identity Theft and Fraud Related to Identification Documents (Count One), in violation of 18 U.S.C. § 1028(f), and Identity Theft (Counts Two through Four), in violation of

UNITED STATES' SENTENCING MEMO
23-CR-00010-HSG-2
            1

18 U.S.C. § 1028(a)(7).  Collins was charged in Counts One and Two.  (ECF 1.)  On October 16, 2024, Collins accepted responsibility for her crimes and entered guilty pleas on Counts One and Two.  (ECF 149.)

Collins's co-defendant, Brent Soura, was participating in CAP at the time Collins entered her guilty plea.  For some reason, Collins was not accepted into CAP.  With the assistance of Pretrial, the parties created CAP-like programming for Collins.  Her plea agreement called for Collins to participate 18 months of substance abuse and mental health programming.  (ECF 149 at ¶ 7.)  Upon successful completion of the programming, the government agreed to recommend a sentence of time served.  (*Id.* at ¶ 16.)  Collins successfully completed the programming, and the government respectfully recommends a time-served custodial sentence.

**II.    SENTENCING GUIDELINES CALCULATIONS**

Probation calculates Collins's Sentencing Guidelines as follows:

 a.  **Base Offense Level, U.S.S.G. § 2B1.1(a)(2):**  **6**

 b.  **Specific offense characteristics:**

  • **§ 2B1.1(b)(2)(A)(i) (10+ victims)**  **+2**

  • **§ 2B1.1(b)(11)(A)(ii) (authentication feature)**  **+4**

 c.  **Obstruction of Justice, U.S.S.G. § 3C1.1:**  **+2**

 d.  **Acceptance of Responsibility, U.S.S.G.  § 3E1.1:**  **-2**

 e.  **Zero-Point Offender, U.S.S.G.  § 4C1.1(a) and (b):**  **-2**

 f.  **Adjusted Offense Level:**  **10**

(PSR ¶¶ 24-33.)

The parties have not reached any agreement regarding Collins's criminal history.  Probation has calculated that Collins's criminal history score is 0, and she therefore falls into Criminal History Category I.  (*Id.* at ¶ 37.)  The government agrees with Probation's criminal history calculations.  As reflected in the PSR, the Guidelines range for imprisonment associated with adjusted offense level 10 and Criminal History Category I is 6-12 months.  (*Id.* at ¶ 64.)

## III.    GOVERNMENT'S SENTENCING RECOMMENDATION

### A.    Legal Standard

The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991.  In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct; and

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B.    The Government's Recommended Sentence

Collins has successfully completed the 18 months of mental health and substance abuse programming called for by her plea agreement.  By all accounts, Collins has done well.  The government congratulates Collins on the work she has done to forge a new life path and encourages her to continue doing the hard work that will be required to maintain it.  Based on Collins's successful completion of the programming, the government recommends that the Court sentence her to a custodial sentence of time served and three years of supervised release, so that the Court can ensure that Collins continues on the good path she is on.

## IV.   CONCLUSION

For the foregoing reasons, the United States recommends that the Court sentence Collins to time served, three years of supervised release, and a $200 special assessment.

DATED:  April 15, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*Wendy M. Garbers*
WENDY M. GARBERS
Assistant United States Attorney

UNITED STATES' SENTENCING MEMO          4
23-CR-00010-HSG-2